**James NASELLA, Jr., Plaintiff–Appellant,**

v.

**BARONA VALLEY RANCH RESORT AND CASINO, Defendant–Appellee.**

**No. 13–56108.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2014.*

Filed Dec. 8, 2014.

James Nasella, Jr., Glendale, CA, pro se.

Art Bunce, Law Offices of Art Bunce, Escondido, CA, for Defendant–Appellee.

Before: LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM **

James Nasella, Jr., appeals pro se from the district court's judgment dismissing his action alleging breach of a Tribal Compact and a wrongful death claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo questions of subject matter jurisdiction and tribal sovereign immunity, *Linneen v. Gila River Indian Cmty.*, 276 F.3d 489, 492 (9th Cir.2002), and we affirm.

The district court properly dismissed Nasella's action for lack of subject matter jurisdiction because defendant was entitled to tribal sovereign immunity. *See C & L Enters., Inc. v. Citizen Band Potawatomi Indian Tribe*, 532 U.S. 411, 418, 121 S.Ct. 1589, 149 L.Ed.2d 623 (2001) ("[T]o relinquish its immunity, a tribe's waiver must be clear." (citation and internal quotation marks omitted)); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1047 (9th Cir.2006) (tribal sovereign immunity bars an action brought against a tribal owned and operated casino).

We reject Nasella's contention that he has standing to bring claims under a tribal compact between California and the tribe.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.